

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00205-CR
_____

RUBBIN WAYNE STAPP, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR23389

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

Appellant Rubbin Wayne Stapp was convicted of possessing more than four but less than 200 grams of a Penalty Group 1 controlled substance—methamphetamine—and sentenced to forty-five years' confinement.[1] In his sole issue on appeal, Stapp argues that the trial court erred by denying his second motion for continuance. Because we conclude that this issue was not preserved for our review, we affirm the trial court's judgment.

## I. BACKGROUND

In November 2019, while executing a search warrant at Stapp's residence, police officers found what looked like methamphetamine. Stapp was arrested and was ultimately charged with possession of a controlled substance.

Stapp alleges that while in custody, he was attacked by another inmate and that during the attack, he was kicked in the groin. As a result of this injury, Stapp's left testicle grew to "the size of a small melon," causing him significant pain.

In June 2022, Stapp's trial counsel visited him in custody. Stapp required a wheelchair and was in so much pain that he could not assist his attorney in preparing his defense.

---

[1]The indictment contained an enhancement paragraph alleging that Stapp had previously been convicted of the felony offense of manufacture of a controlled substance (methamphetamine) and a habitual paragraph alleging that after his manufacture-of-a-controlled-substance conviction, Stapp had been convicted of assaulting a family or household member by impeding breath or circulation. During the sentencing hearing, Stapp pled "true" to both paragraphs.

On June 12, 2022, based on Stapp's medical condition, his trial counsel filed a written and purportedly verified motion for continuance seeking to postpone Stapp's trial, which had been scheduled to begin on June 14, 2022.[2] *See* Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08. On June 13, 2022, the trial court signed an order granting the motion.

Stapp's trial was reset for July 19, 2022. Immediately before the start of trial, Stapp's trial counsel orally reurged his motion for continuance on the grounds that Stapp's medical condition had not improved and that he was not physically able to stand trial. In response, the State presented the trial court with a letter from a urologist stating that Stapp's medical issue was not an emergency and that he could sit for trial. Stapp's trial counsel objected to the letter's admission on the grounds that it was hearsay and that its admission would violate Stapp's Sixth Amendment Confrontation Clause right. *See* U.S. Const. amend. VI. The trial court overruled Stapp's objections, admitted the letter as a court exhibit, and denied Stapp's oral motion for a second continuance.

Stapp's second continuance request having been denied, his case proceeded to trial. The jury found Stapp guilty of possessing more than four but less than

---

[2]We note that the copy of the motion for continuance included in the clerk's record contains a blank verification page that is missing the signatures of both Stapp's trial counsel and the notary. It also lacks the notary's seal.

3

200 grams of a Penalty Group 1 controlled substance—methamphetamine—and the trial court sentenced him to forty-five years in prison. This appeal followed.

## II. DISCUSSION

In a single issue, Stapp argues that the trial court erred by denying his second motion for continuance. As a sub-issue, Stapp asserts that the trial court improperly admitted the urologist's letter over Stapp's hearsay and Confrontation Clause objections during the pretrial hearing on his second motion for continuance. Because we conclude that Stapp has forfeited his complaint regarding the trial court's denial of his second motion for continuance, we will limit our discussion to that issue and will not address the admission of the urologist's letter. *See* Tex. R. App. P. 47.1.

The law is clear that motions for continuance must be both written and sworn. *See* Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08. Consequently, the Texas Court of Criminal Appeals has held that "if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (quoting *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009)). In other words, "an unsworn oral motion preserves nothing for appeal." *Id.*; *see also Owens v. State*, No. 05-19-00371-CR, 2021 WL 5410518, at *2 (Tex. App.—Dallas Nov. 19, 2021, no pet.) (mem. op., not designated for publication) ("[W]e conclude appellant's oral motion for continuance preserved nothing for our review."); *Coleman v. State*, No. 02-18-00471-CR, 2020 WL 241975, at *20 (Tex. App.—Fort Worth Jan.

4

16, 2020, no pet.) (mem. op., not designated for publication) ("[I]f a party makes an unsworn, oral motion for continuance before or during trial and the trial court denies it, then the party forfeits the right to complain on appeal about the trial court's ruling."); *Robinson v. State*, 310 S.W.3d 574, 579 (Tex. App.—Fort Worth 2010, no pet.) ("[T]he denial of an oral motion for continuance preserves nothing for our review.").

Here, Stapp's sole appellate issue concerns the trial court's denial of his second motion for continuance, which was raised orally at a pretrial hearing. While Stapp's attorney characterized his request for a second continuance as "reurg[ing]" his first continuance motion, which was written and purportedly verified,[3] in substance, his request was a second, oral motion for continuance. *See Orquiz v. State*, No. 08-09-00097-CR, 2010 WL 4983425, at *1–2 (Tex. App.—El Paso Dec. 8, 2010, no pet.) (not designated for publication) (holding that appellant's "orally re-urged" motion for

---

[3]At the pretrial hearing, Stapp's attorney described his first motion for continuance as "verified," and neither the trial court nor the State's attorney disputed its verification. However, as noted above, *see supra* note 2, the copy of the motion included in the clerk's record on appeal contains a blank verification page that is missing the signatures of both Stapp's trial counsel and the notary. Thus, even if Stapp's orally "reurge[d]" motion could somehow be construed as an extension of his original, written motion for purposes of error preservation, on the record before us, any error would nonetheless be unpreserved. *See Brumfield v. State*, 641 S.W.3d 568, 580 (Tex. App.—Tyler 2022, pet. ref'd) (holding that appellant "failed to preserve his motion for continuance and its bases for review" because his "motion was unsworn"); *Still v. State*, No. 05-99-00190-CR, 2000 WL 1848611, at *1 (Tex. App.—Dallas Dec. 19, 2000, no pet.) (per curiam) (not designated for publication) ("[T]he motion for continuance was not verified. Therefore, nothing was preserved for appellate review."); *see also* Tex. Code Crim. Proc. Ann. art. 29.08.

continuance was a "new motion for continuance" despite the fact that it "ma[de] reference to his previously filed motion for continuance" and therefore preserved nothing for appellate review); *see also Smith v. State*, No. 08-11-00167-CR, 2012 WL 5359234, at *6–7 (Tex. App.—El Paso Oct. 31, 2012, no pet.) (not designated for publication) (treating defendant's oral reurging of his written, pretrial motion for continuance as an "oral motion" that "did not preserve error" but considering it for the limited purpose of its bearing on the appellant's diligence); *cf. Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("[W]e look to the substance of a motion to determine the relief sought, not merely to its title."). At the time Stapp's counsel "reurge[d]" his prior motion for continuance, the trial court had already signed an order granting that motion, and as a result, Stapp's trial had been reset from June 14, 2022, to July 19, 2022.[4] Thus, we must construe Stapp's "reurg[ing]" of the motion as a second, oral motion for continuance. *See Orquiz*, 2010 WL 4983425, at *2. Indeed, Stapp effectively acknowledges that his "reurg[ing]" of the continuance motion was, in essence, a second, oral motion by describing his

---

[4]Stapp's trial counsel indicated during the pretrial hearing that the trial court had "conditionally granted" his first motion for continuance, and the State's attorney stated that the trial court had requested "at the previous hearing on the motion for continuance" that the State "gain information from the doctor's office as to . . . Stapp's physical ability to be [in court] during the trial." The appellate record does not contain a record of the "previous hearing" on Stapp's first motion for continuance. We note, however, that the trial court's order merely stated that the motion was "granted."

appellate issue as "[w]hether the improper denial of [Stapp's] *second motion to continue* was prejudicial." [Emphasis added.]

Because Stapp's second motion for continuance was neither sworn nor written, he has preserved nothing for our review and has forfeited the right to complain about the trial court's ruling on the motion. *See Blackshear*, 385 S.W.3d at 591; *Owens*, 2021 WL 5410518, at *2; *Coleman*, 2020 WL 241975, at *20; *Robinson*, 310 S.W.3d at 578–79. Thus, we overrule Stapp's sole issue.

### III. CONCLUSION

Having overruled Stapp's sole issue, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 13, 2023

7