

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0889-11

**GEORGE EDWARD BLACKSHEAR, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE FOURTEENTH COURT OF APPEALS**
**HARRIS COUNTY**

KEASLER, J., delivered the opinion of the Court, in which KELLER, P.J., PRICE, WOMACK, JOHNSON, HERVEY, COCHRAN, and ALCALA, J.J., joined. MEYERS, J., not participating.

## O P I N I O N

The Fourteenth Court of Appeals held that the trial judge committed reversible error when he denied George Blackshear's unsworn oral motion for a continuance following a mistrial during the punishment phase of Blackshear's first trial. Because the alleged error was not properly preserved, however, we hold that the court of appeals erred in reversing the judgment of the trial court.

## FACTUAL BACKGROUND

George Edward Blackshear was charged with possession of a controlled substance enhanced by two prior convictions for state-jail felonies. The guilt phase of the trial consisted of approximately three hours of testimony from five witnesses. After deliberating for approximately an hour and a half, the jury returned a guilty verdict.

During the punishment phase, the State presented no new witnesses, and the appellant stipulated to ten prior convictions. After an hour of deliberation, the jury was released for the day. The following morning, after two additional hours of deliberation, the jury informed the trial judge that they were unable to reach a verdict on punishment.

The trial judge granted Blackshear's motion for a mistrial as to the punishment phase and informed the parties that the retrial on punishment would commence later that same day. The following colloquy took place:

> [DEFENSE COUNSEL]:   Your Honor, I have a motion I need to put on the record. Your Honor, it's my understanding that I should ask for a continuance based on the fact that I do not have a copy of the transcript from the prior trial, and it would be ineffective assistance of counsel without having it, unless she can make it at lunchtime, a copy of the transcript to refer to the testimony.
>
> THE COURT:   Considering the length of the testimony in this case being less—total, than three hours, if you take the time they were on the stand, I'm going to deny the motion.

The record contains no written and sworn motion for continuance. After a new trial on punishment, Blackshear was sentenced to eight years in prison. On appeal, he claimed

that the trial judge erred in denying his motion for a continuance. The Fourteenth Court of Appeals agreed, finding that, because the State presented the same witnesses at retrial on the punishment as it presented at the guilt phase of the first trial, the defense could have used the transcript from the first trial to impeach those witnesses on retrial.[1] As a result, the court concluded that the State had failed to rebut the presumption established in *Armour v. State* that a defendant needs a transcript of prior mistrials to mount an effective defense.[2] We granted the State's petition for discretionary review to review the judgment of the court of appeals.

## ANALYSIS

The State first contends that Blackshear's oral and unsworn motion for a continuance for the purpose of obtaining a trial transcript was insufficient to preserve the issue for appeal. While the State failed to argue this point before the court of appeals, review by this Court is not foreclosed because "[p]reservation of error is a systemic requirement . . . [which] a court of appeals should review . . . on its own motion, but if it does not do so expressly, this Court can and should do so when confronted with a preservation question."[3]

We have previously held that where an issue has not been properly preserved for

---

[1] *Blackshear v. State*, 342 S.W.3d 777, 782-83 (Tex. App.—Houston [14th Dist.] 2011).

[2] *Id*. (citing *Armour v. State*, 606 S.W.2d 891, 894 (Tex. Crim. App. [Panel Op.] 1980)).

[3] *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009).

appeal, "neither the court of appeals nor this court should address the merits of that issue."[4]

Texas Code of Criminal Procedure article 29.03 states that "a criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown . . . ."[5] We have interpreted this to mean that "if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal."[6] Ultimately, an unsworn oral motion preserves nothing for appeal.

Blackshear directs us to a number of lower-court opinions for the proposition that the requirement that motions for continuances be written and sworn is not absolute, but rather subject to an exception when the denial of the motion would amount to a deprivation of due process.[7] He goes on to suggest that, in the instant case, the trial judge's denial of the motion for a continuance did, in fact, constitute such a denial of due process. For this proposition he relies on this Court's opinions in *White v. State*, *Billie v. State*, and *Armour v. State*, in which we held that an indigent defendant's denial of a transcript violated his constitutional

---

[4] *Id*. at 532.

[5] TEX. CODE CRIM. PROC. arts. 29.03, 29.08 (West 2009).

[6] *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009).

[7] *Munoz v. State*, 24 S.W.3d 427, 431 (Tex. App.—Corpus Christi 2000, no pet.); *Deaton v. State*, 948 S.W.2d 371, 374-75 (Tex. App.—Beaumont 1997, no pet.); *Petrick v. State*, 832 S.W.2d 767, 770-71 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); *O'Rarden v. State*, 777 S.W.2d 455, 459-60 (Tex. App.—Dallas 1989, pet. ref'd); *Brown v. State*, 630 S.W.2d 876, 880 (Tex. App.—Fort Worth 1982).

rights to due process and equal protection.[8] However, Blackshear's argument is one which this Court has previously rejected. In *Anderson v. State*, we explicitly refused to recognize a due process exception to the rule requiring motions for continuances to be written and sworn in order to be preserved on appeal.[9]

Given that the motion in question was oral and unsworn, and because we have held that no "due process exception" exists to the written-and-sworn requirement, we conclude that this issue was not properly preserved for appeal. Therefore, the court of appeals erred in reversing and remanding on that ground. We dismiss the State's other grounds for review. We reverse the appellate court's judgment as to Blackshear's claims relating to his motion for continuance and reinstate the trial court's judgment.

DATE DELIVERED: December 19, 2012.

PUBLISH

---

[8] *White v. State*, 823 S.W.2d 296, 298-99 (Tex. Crim. App. 1992); *Billie v. State*, 605 S.W.2d 558, 560 (Tex. Crim. App. 1980); *Armour*, 606 S.W.2d at 893-94.

[9] *Anderson*, 301 S.W.3d at 280.