

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00170-CR

---

CLAYTON MARQUIS RICKS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CR01943

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Clayton Marquis Ricks appeals from his conviction by a jury of the offense of burglary of a habitation. Ricks argues that the trial court erred in denying his oral motion for continuance. The request for a continuance was prompted by the State's presentation to defense counsel after jury selection, of a written statement made by Ricks. Ricks promptly requested a continuance, which was denied by the trial court. We find that error was not preserved and affirm the judgment of the trial court.

Ricks' motion for continuance was read into the record by Ricks' counsel, but there is nothing in the record to suggest that it was written or sworn to by Ricks. The Texas Court of Criminal Appeals recently reaffirmed that a written, sworn motion for continuance is required by statute and that, without such a motion, no error is preserved for appellate review. *Blackshear v. State*, 385 S.W.3d 589, 590–91 (Tex. Crim. App. 2012).

Thus, by failing to file a written, sworn motion requesting a continuance, Ricks forfeited his right to challenge the trial court's denial of a continuance. *Id.* at 591; *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009); *see* Tex. Code Crim. Proc. Ann. art. 29.03, 29.08 (West 2006) (trial court may grant continuance only upon written motion, sworn to by State or defendant, setting forth sufficient cause).

Where an issue has not been properly preserved for appeal, the court of appeals may not address the merits of that issue. *Blackshear*, 385 S.W.3d at 591. The contention of error is overruled.

The judgment of the trial court is affirmed.


                                         Jack Carter
                                         Justice


Date Submitted:     May 22, 2014
Date Decided:       June 13, 2014

Do Not Publish