

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00038-CR

**JAMES ANTHONY SAMPLE,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**


### From the 249th District Court
### Johnson County, Texas
### Trial Court No. F47198


## MEMORANDUM OPINION


James Anthony Sample was convicted of murder and sentenced to 99 years in prison. TEX. PENAL CODE ANN. § 19.02 (West 2011). While at a residence of another and in the presence of several other people, Sample pulled out a gun with a laser sight, pointed it at various people, then focused on the victim, Bryan Poole, and shot Poole twice in the head. Sample confessed to the murder. Because the trial court did not err in denying Sample's motion to suppress Sample's second statement, in excluding a

toxicology report of illegal substances in Poole's body at the time of his death, and in denying Sample's oral motion for continuance, the trial court's judgment is affirmed.

## MOTION TO SUPPRESS

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Johnson*, 68 S.W.3d at 652-53. When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *Kelly v. State*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

Sample argues that his second statement, which contained his confession, was involuntary because, although he waived his right to remain silent, he terminated the interview during his first statement and the law enforcement officer did not

"scrupulously" honor that request by initiating contact with Sample the next day and obtaining the second statement.

Once *Miranda*[1] warnings have been given, if the individual indicates at any time prior to or during questioning that he wishes to remain silent, the interrogation must cease. *Michigan v. Mosley*, 423 U.S. 96, 100 ; 96 S. Ct. 321; 46 L. Ed. 2d 313 (1975). That does not mean, however, that once the person in custody has indicated a desire to remain silent, a *per se* prohibition of any further questioning of an indefinite period of time by any police officer on any subject is imposed. *Id*. at 102-103. The admissibility of statements obtained after the person in custody has decided to remain silent depends, therefore, on whether his "right to cut off questioning" was "scrupulously honored." *Id*. at 104. Factors relevant to this analysis are (1) whether the suspect was informed of his right to remain silent before the initial questioning; (2) whether the suspect was informed of his right to remain silent before the subsequent questioning; (3) the length of time between initial questioning and subsequent questioning; (4) whether the subsequent questioning focused on a different crime; and (5) whether police scrupulously honored the suspect's initial invocation of the right to remain silent. *Maestas v. State*, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999).

It is clear from the record that Sample was informed of his right to remain silent before both the initial questioning and the subsequent questioning. It is also clear from

[1] *Miranda v Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

the record that the subsequent questioning did not focus on a different crime. Further, the trial court found, and Sample does not contest this finding, that the officer initially questioning Sample honored Sample's request to terminate the initial interview. What Sample contends tips the factor analysis in his favor is the length of time between the initial and subsequent questioning. Sample argues that 22 hours is not enough time between the two interviews to be considered a "scrupulous" honor of his right to terminate the interview. Thus, his argument continues, his second statement should have been suppressed. We disagree with Sample.

First, Sample did not provide any case authority, and we have found none, to suggest that 22 hours is not a sufficient length of time after the termination of one interview to then initiate another interview. Further, we note that in *Mosley* itself, "an interval of more than two hours" passed between the initial and subsequent questioning at issue. *Mosley*, 423 U.S. at 104. The Supreme Court described this interval as "the passage of a significant period of time." *Id*. at 106. Because the passage of 22, almost 23, hours in Sample's case exceeds the "significant period of time" in *Mosley*, the third *Mosley* factor weighs in favor of a finding that law enforcement "scrupulously honored" Sample's right to terminate his interview.

Accordingly, having four of the five the factors weigh in favor of a finding that law enforcement "scrupulously honored" Sample's right to terminate his interview, we

find the trial court did not err in denying Sample's motion to suppress his second statement. Sample's first issue is overruled.[2]

**EXCLUSION OF EVIDENCE**

In his second issue, Sample contends the trial court erred in excluding evidence of the Poole's illegal drug use prior to his death. Sample wanted to introduce a toxicology report run by the medical examiner on Poole whose blood and urine tested positive for methamphetamine and amphetamine. The medical examiner testified outside the presence of the jury that Poole may have used the drugs within an hour of his death. Sample argues that the evidence was relevant to impeach the credibility of three witnesses, Mia, Gloria, and Blaine, who, his argument continues, testified that no one used drugs prior to Poole's murder.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement. *Id*. Evidence must satisfy two requirements to be considered relevant: first, materiality, *i.e.*, any fact that is of consequence to the determination of the action, and second, probativeness, *i.e.*, the proffered evidence must tend to make the

---

[2] We note there is no period of time that is presumed to be adequate or inadequate. In this particular instance, we note that Samples vacillated during the first statement to the point it is unclear if he was invoking his right at that time. For this analysis as applied to the second statement, we have presumed he did.

existence of the fact more or less probable than it would be without the evidence. *Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001); TEX. R. EVID. 401.

Even if the toxicology report, and any testimony regarding the report, was material, a decision we do not make, it was not probative. None of the witnesses testified that no one at the house used drugs. Mia said she did not use drugs. Gloria said she was not aware of anyone using drugs but was not in the room much. Blaine said he had "no clue" whether anyone used drugs. Accordingly, the toxicology report and associated testimony was not probative to impeaching the credibility of the witnesses, and the trial court did not err in excluding the evidence. Sample's second issue is overruled.

CONTINUANCE

In his third issue, Sample asserts the trial court erred in denying his oral motion for continuance. Texas Code of Criminal Procedure article 29.03 states that "a criminal action may be continued on the written [and sworn] motion of the State or of the defendant, upon sufficient cause shown . . . ." TEX. CODE CRIM. PROC. ANN. arts. 29.03; 29.08 (West 2006). The Court of Criminal Appeals has interpreted this to mean that "if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (quoting *Anderson v. State*, 301 S.W.3d

276, 279 (Tex. Crim. App. 2009)).  Ultimately, an unsworn oral motion preserves nothing for appeal.  *Blackshear*, 385 S.W.3d at 591.

Accordingly, because Sample's motion for continuance was neither written nor sworn, his third issue is not preserved and is overruled.  *Id.*

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Scoggins
Affirmed
Opinion delivered and filed October 16, 2014
Do not publish
[CRPM]

