

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00247-CR

JEREMY WADE PUE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. CR2008-214, Honorable Jack H. Robison, Presiding

March 6, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Jeremy Wade Pue, appeals his twenty-year sentence assessed for his evading arrest with a vehicle. Appellant contends that his due process rights were violated when the State "repeatedly discuss[ed] how the parole laws would apply to [him] during closing arguments." We affirm.[1]

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this one. See TEX. R. APP. P. 41.3.

*Background*

This appeal involves a new punishment hearing appellant received after the Court of Criminal Appeals found his original sentence of thirty years was improperly enhanced. A jury trial was had on the issue. During final argument, the prosecutor argued:

> I will agree with Counsel, there is no reason why you should even consider anything less than -- I think he testified 11 years, 2 months and 10 days, because he's done that. So, I mean, that amount of time he's discharged. So somewhere between there and 20 years is the question I would say. And he says y'all are the parole board. There is a parole board. Will they let him out? I don't know. I hope not. If I have any say, they won't. I don't think they should. But they legally have to consider letting him out after he served a flat 10 years, if you give him 20. He's got 11. So they're going to have to take a vote, they are going to have to make a decision. Will they vote to let him out? They're going to look at all of his history, they're going to look at all those certificates he has, they'll look at his education. They'll also look at those disciplinary records, and I'll assure you that there's probably a little different spin to them than his. And they'll make a decision. Will it be based on just purely whether he should stay in prison or not? No, because they have to consider their crowding situation and whether they need that cell. So even though they may think he ought to stay, they may need the bed and they may let him out anyway. But the odds are in his favor. And if the parole board doesn't think you ought to get out, you ought not to get out. But more importantly in that is, if he gets anything -- 11 years or something like that, if he has discharged whatever sentence he's got, he's off paper, he doesn't have any supervision . . . .

Appellant, however, uttered no objection to the argument though it forms the basis of his sole issue here.

Preservation of error for review is a systemic requirement. *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Guzman v. State*, No. 03-13-00131-CR, 2015 Tex. App. LEXIS 4840, at *42 (Tex. App.—Austin May 13, 2015, pet. ref'd) (mem.

2

op., not designated for publication). To preserve error regarding improper jury argument, the defendant must contemporaneously object to the argument, request an instruction that it be disregarded if the objection is sustained, and move for a mistrial if an instruction to disregard is given. *Guzman*, 2015 Tex. App. LEXIS 4840, at \*42–43. Failing to object forfeits his right to complain on appeal. *Id.* It matters not that he may suggest the argument so infected the trial with unfairness that it resulted in a denial of due process; a contemporaneous objection is still required. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Pena v. State*, No. 14-13-00102-CR, 2014 Tex. App. LEXIS 6487, at \*3–4 (Tex. App.—Houston [14th Dist.] June 17, 2014, pet. ref'd) (mem. op., not designated for publication). Because appellant did not object below, he failed to preserve the complaint raised now. *See Guzman,* 2015 Tex. App. LEXIS 4840 at \*43 (holding that the appellant needed to object to the prosecutor's comments about credit for time served, good conduct time or parole in order to preserve the complaint for appellate review).

Accordingly, we overrule the sole issue before us and affirm the judgment of the trial court.

Per Curiam

Do not publish.