**Affirmed and Memorandum Opinion filed August 13, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00440-CR

**ROBERT LOUIS MCNEAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 17-CR-2938**

## MEMORANDUM OPINION

In this appeal from a conviction for aggravated sexual assault of a child, we consider two interrelated issues concerning the trial court's denial of a motion for continuance. For the reasons explained below, we overrule both issues and affirm the trial court's judgment.

# BACKGROUND

On the morning of voir dire, a controversy arose as to whether the parties had discovered all of the complainant's medical records. The defense believed that the complainant had visited a doctor several times after the alleged assault, and that records of those visits had not been turned over. The prosecution doubted the existence of some of the records, but made an effort to track them down. The prosecution explained that it had contacted a hospital and was advised that the complainant may have visited a doctor in another network once in November of 2016, once in March of 2017, and twice in June of 2017.

Because the assault allegedly occurred more than two years earlier, in September of 2014, the trial court doubted that any records from these dates would have been material. The trial court remarked that the parties were already in possession of the records from the complainant's medical visit in October of 2016, which was the first after her delayed outcry. The trial court also seemed to believe that any subsequent medical visits, assuming they occurred, were just general wellness checks.

The prosecution said that it filed a subpoena for the remaining records, which it intended to serve that same day. The trial court instructed that the subpoena be sent immediately, and that the records be returned by the following morning, under penalty of contempt.

At that point, the defense orally moved for a continuance, explaining that it would need time to look over the records. The trial court denied that motion.

# ANALYSIS

In his first of two issues, appellant argues that the trial court abused its discretion by denying his motion for continuance. This issue fails on procedural

grounds: appellant's motion was oral, when our rules require that a motion for continuance must be written and sworn. *See* Tex. Code Crim. Proc. arts. 29.03, 29.08. Because his oral motion did not comply with the applicable rules, appellant did not preserve this issue for appellate review. *See Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (holding that an unsworn oral motion for continuance preserves nothing for appeal, citing *Anderson v. State*, 301 S.W.3d 276 (Tex. Crim. App. 2009)).

In his second issue, which is related to the first, appellant argues that we should overrule cases like *Blackshear* and *Anderson*, where the Texas Court of Criminal Appeals applied the rule of procedural default to an oral motion for continuance. This issue also fails because we are just an intermediate court of appeals and have no authority to overrule binding precedent from a higher court. *See* Tex. Const. art. V, § 5(a) (providing that the Texas Court of Criminal Appeals has final appellate jurisdiction in all criminal cases); *Cervantes-Guervara v. State*, 532 S.W.3d 827, 832 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("We are bound to follow the decisions of the Texas Court of Criminal Appeals, and when, as here, that court has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation.").

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Jewell, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).

3