**AFFIRMED and Opinion Filed October 19, 2020**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-19-01022-CR**

**MARCELL LAKEIST WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1642251-U**

## MEMORANDUM OPINION

Before Justices Whitehill, Pedersen, III, and Reichek
Opinion by Justice Whitehill

Appellant Marcell Lakeist Williams pled guilty to burglary of a habitation and pled true to one enhancement paragraph. A jury found him guilty and assessed punishment at seventy years in prison. On appeal, appellant raises one issue complaining that the trial court erred by denying the oral continuance motion his lawyer made on the first day of trial and renewed the next day. We overrule the issue and affirm because error was not preserved.

# I. ANALYSIS

Appellant's brief cites a sworn continuance motion he filed about four months before trial began, but that motion didn't preserve the error he asserts on appeal.

First, the record contains no express ruling on appellant's sworn motion, and, to the extent a ruling can be implied from the record, it appears the trial court granted the motion. Specifically, appellant's January 19, 2018 motion recited that (i) the case was set for trial on January 29, 2018, and (ii) appellant's lawyer needed a continuance of unspecified duration to prepare for trial based on discovery she had recently received and concerns about appellant's mental health. The case wasn't tried until mid-May 2018.

Moreover, appellant's appellate complaint wasn't raised in his written motion. Rather, on appeal he argues that the trial court erroneously denied an oral continuance motion that his lawyer made off the record on the first day of trial during a break in voir dire and then repeated on the record on the second day of trial. Appellant's lawyer explained that, during lunch on the first day of trial, she and the State learned that a drop of blood found at the crime scene had been swabbed but never tested. The trial judge denied appellant's oral motion, noting that the blood's presence was indicated in the probable cause affidavit. Appellant's appellate argument repeats his oral continuance motion's substance. Because his appellate argument doesn't comport with his written, sworn continuance motion, it wasn't preserved by that motion. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App.

2012) ("The point of error on appeal must comport with the objection made at trial.").

Finally, under settled law, appellant's unsworn oral continuance motion itself did not preserve error. *See Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) ("[A]n unsworn oral [continuance] motion preserves nothing for appeal."); *see also* TEX. CODE CRIM. PROC. art. 29.08 (all continuance motions must be sworn).

## II.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
191022F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCELL LAKEIST WILLIAMS,
Appellant

No. 05-19-01022-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1642251-U.
Opinion delivered by Justice
Whitehill. Justices Pedersen, III and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered October 19, 2020.