**AFFIRMED and Opinion Filed July 24, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00307-CR

### TARIQ MUSTAFAA MILLER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82170-2021**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Garcia

Appellant was convicted of two counts of aggravated sexual assault of a child and three counts of indecency with a child by contact. The trial court assessed punishment at thirty years in prison for each of the aggravated sexual assault charges and ten years in prison for each of the indecency charges, with the sentences to run concurrently. In a single issue, appellant now argues the trial court's denial of his motion for continuance deprived him of due process and the right to effective assistance of counsel. Concluding appellant's arguments are without merit, we affirm the trial court's judgment.

## I. Background

When the complaining witness MT was fourteen years old, she made a delayed outcry against appellant for sexually assaulting her when she was three, four, or five years old. Appellant was arrested for aggravated sexual assault of a child and indecency with a child. He confessed to some of the actions underlying the charges.[1]

In June 2021, the State provided defense counsel with discovery consisting of about ninety-one pages. Four or five of those pages referred to an outcry MJ made in 2010 against an eleven-year-old juvenile respondent, RJ, when she was three years old.

On January 21, 2022, defense counsel asked the prosecutor for more information about the RJ case. Specifically, counsel asked how the RJ case was handled and investigated and what the outcome had been. The prosecutor said she did not believe RJ was ever prosecuted but would follow up after she met with MT.

On March 17, 2022, four days before the scheduled trial, defense counsel sent the prosecutor an email stating:

> One of the reports references [MT] outcried an aggravated sexual assault on 4/11/2010 that resulted in a juvenile arrest. There is a Plano offense report number 10-66432. I see call notes in the main offense report that an offense occurred right around that time, but there are no notes that it led to an arrest. I don't believe I received any information on how that case was disposed.

---

[1] Appellant admitted that he touched MT's vagina for about two minutes when he was intoxicated and had rubbed her vagina with his hand. He also said that MT often touched his penis and laughed about it. In addition to his custodial confession, appellant also wrote MT a letter apologizing and saying he didn't mean to cause her problems by touching her.

The next day, the prosecutor responded:

Got these records released. This is the juvenile case. Our prosecutor remembered it as well. [MT], who was 3, got on the stand and would not testify, she froze. They tried to do it via closed circuit TV but she would not speak. [RJ], the 11 year old defendant in the case, gave a statement admitting to touching his penis to her vagina, but he stated it was an accident and his pants were on. The court found the victim to be not competent to testify because she couldn't testify, so the court found the allegation not true. See attached records.

There were 372 pages of records attached to the email, but many pages were duplicative, and only about 190 pages were unique. The documents included a summary of MT's forensic interview, copies of the SANE exam, offense reports, witness statements, and notes from an interview with MT.

On Monday morning, the parties convened for a hearing on a motion to suppress appellant's confession and to select a jury. Defense counsel informed the court that he was "going to need some guidance from the court and maybe some creative problem solving" in connection with the recently produced records. After explaining the situation, defense counsel told the judge, "The bottom line is I don't have a copy of the order finding the allegation [against RJ] was found to be not true."

Counsel for both parties informed the court that they had been working on a stipulation but could not agree. Defense counsel had requested that the State stipulate that MT made an allegation against RJ when she was three, and after a hearing, the allegation was found not true. The State agreed, as long as the defense would also stipulate that RJ admitted to touching his penis to MT's vagina, and the reason the allegation was found not true was because MT was found not competent to testify.

–3–

Defense counsel would not agree to these additional facts because he did not think the State could prove them.

The prosecutor advised the court that the State's file included docket entries stating MT was not competent to testify and the allegation was found not true. The court told the prosecutor to provide copies of the docket sheet to defense counsel and the court and told defense counsel, "I would love for you to have the certified copy . . . but it appears that's not going to happen today."

The court then conducted a hearing on the motion to suppress appellant's custodial statements and denied the motion. After conferring with his client, defense counsel made an oral motion for continuance.

The first part of the motion was based on appellant's health. Appellant testified about a poisonous spider bite he suffered in jail and his treatment for that injury, including prescription pain killers. The court denied the motion based on appellant's health.

Defense counsel then urged that the case be continued because of the late production of the additional records. Counsel admitted that he had reviewed the records, but argued he did not have time to investigate. He further argued that the late production impeded his ability to cross-examine MT's mother "to let the jury know there's other allegations that have been made and found not true."

The judge questioned counsel extensively about what he would do if he had more time, noting "we're not going to try an ancillary case . . . in the middle of this."

Counsel said he could not specify what he would do because he had not had time to investigate. The oral motion for continuance was denied.

But when appellant was arraigned, he did not enter a plea, and the court took a recess. The court expressed concern about appellant's injury and his ability to understand the proceedings and assist in his defense and noted that the defense wanted more time for discovery on the RJ case. As a result, the judge dismissed the potential jurors and told them to come back the next day.

Appellant was feeling better when the parties returned the next day. Defense counsel advised the court that he had reviewed the records, issued a number of subpoenas, moved to unseal a portion of the juvenile record in the RJ case, and obtained an order from the juvenile court partially releasing the contents of the file. Nonetheless, counsel advised that he had filed a sworn, written motion for continuance based on the RJ issue. Noting that the juvenile case was "pretty much an ancillary issue" the judge denied the motion.

The parties selected a jury and proceeded to trial. When the State announced that it would call MT and her mother to testify, the judge told defense counsel she was going to allow him ask "pretty much anything you want" and give him as much time as he wanted to cross-examine the witnesses. Specifically, the judge told defense counsel that she wanted him to have enough time to go over everything he needed to give over and if he wanted to go through the 400 pages of documents page by page "we will sit here and do that."

Defense counsel advised that he had obtained a copy of the juvenile court's "Order Finding Not True" in the RJ case. Counsel showed the order to MT's mother during cross-examination, and she agreed that the court had found the allegation against RJ not true. MT testified that she did not recall the RJ incident.

The defense rested immediately after the State and did not call any witnesses. During closing argument, both parties argued about the RJ case and the juvenile court's finding that the allegation was not true.

The jury found appellant guilty on all counts. After the jury was released, the trial court admitted a timeline of events surrounding its ruling on the motion for continuance and discussed the timeline with the parties on the record. Among other things, the court noted that the case had already been reset once and when appellant requested a continuance, the case was the oldest "jail case" on the court's docket and had been pending since appellant's arrest in early 2021.

The punishment phase was tried to the court. Upon conclusion, the trial court assessed punishment at thirty years in prison on each of the aggravated sexual assault charges and ten years in prison on each of the indecency charges, with the sentences to run concurrently. Judgment was entered accordingly.

Appellant subsequently filed a motion for new trial based on the denial of his motion for continuance. Defense counsel testified about the investigation he would have done had he been granted more time. Counsel acknowledged that the prosecutor had turned over the additional documents as soon as she had them and

that there were not 400 pages of new information. He further acknowledged that both appellant and RJ admitted to abusing MT.

The prosecutor also testified. She explained that there were duplicates in the 372-page file she produced and there were only about 190 unique pages. The documents she turned over included a summary of MT's forensic interview, copies of the SANE exam, offense reports, witness statements, and notes from an interview with RJ.

When the hearing concluded, the court denied the motion for new trial. This timely appeal followed.

## II.   Analysis

Appellant argues the trial court erred by denying his motion for continuance after the State's production of new records shortly before trial. According to appellant, the denial of a continuance deprived him of his rights to a fair trial and effective assistance of counsel.[2]

We review the denial of a motion for continuance for an abuse of discretion, giving a wide degree of deference to the trial court. *See Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010) (citations omitted); *see also* TEX. CODE CRIM. PROC. ANN. art.

---

[2] Here, there was both an oral motion for continuance and a written motion. We consider only the trial court's denial of the sworn, written motion for continuance. *See Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012).

29.06(6) (sufficiency of a motion for continuance shall be addressed to "sound discretion" of court and "shall not be granted as matter of right"). We consider the circumstances of the case and the reasons given to the trial court at the time the request is made, and we bear in mind the general interest in the prompt and efficient administration of justice. *Rosales v. State*, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992).

The Texas Court of Criminal Appeals has held that reversible error predicated on the denial of a pretrial motion for continuance requires showing both that the trial court abused its discretion by denying the motion and that the lack of a continuance caused harm. *Gonzales*, 304 S.W.3d at 842–43. The requirements to establish an abuse of discretion and prejudice apply when, as here, the appellant attempts to infuse the denial of a continuance with special constitutional significance. *See id.*; *Gallo*, 239 S.W.3d at 764 (holding same as to alleged deprivation of effective assistance and due process through denial of continuance); *Lewis v. State*, No. 05-93-00871-CR, 1995 WL 479631, at *2 (Tex. App.—Dallas Aug. 11, 1995, pet. ref'd) (mem. op. not designated for publication) (no abuse of discretion therefore no federal constitutional violation); *Rosales*, 841 S.W.2d at 374 (denial of request for more time does not always violate due process).

To show an abuse of discretion, an appellant must demonstrate "that the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the

defendant's interest in delay of the trial." *Gonzales*, 304 S.W.3d at 843; *Nichols v. State*, No. 02-13-00566-CR, 2014 WL 7779272, at *1 (Tex. App.—Fort Worth Feb. 5, 2014, pet. ref'd) (mem. op., not designated for publication). To show prejudice, the appellant should show "with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had," such as by demonstrating "what additional information, evidence [,] or witnesses the defense would have had available if the motion for delay had been granted." *Gonzales*, 304 S.W.3d at 842–43; *Kerr v. State*, Nos. 02-20-00034-CR, 02-20-00035-CR, 2021 WL 3793817, at *3 (Tex. App.—Fort Worth Aug. 26, 2021, no pet.) (mem. op. on reh'g, not designated for publication). "That counsel merely desired more time to prepare does not alone establish an abuse of discretion." *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); *see also Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995) (assertion that counsel did not have time to adequately investigate medical records for potential mitigating evidence without any showing of harm failed to establish an abuse of discretion).

Appellant's motion for new trial did not raise the due process and ineffective assistance claims, nor does appellant adequately brief the issues on appeal.[3] Accordingly, the issues have not been preserved for our review. *See* TEX. R. APP. P.

---

[3] There was also no evidence adduced concerning ineffective assistance of counsel. Although defense counsel testified at the hearing on the motion for new trial that he "felt like" his representation of appellant had been compromised by the court's continuance ruling, he did not specify how.

38.1. But even if the issues had been preserved, the record does not reflect that the trial court abused its discretion or that appellant was harmed.

Appellant did not establish that production of the additional records shortly before trial impaired his ability to present an effective defense. *See Phifer v. State*, No. 05-18-01232-CR, 2020 WL 1149916, at *12 (Tex. App.—Dallas Mar. 10, 2020, pet. ref'd) (mem. op., not designated for publication) (concluding, based on similar considerations, that the trial court did not abuse its discretion by denying a continuance for further inquiry into 850 pages of newly produced documents); *Reichle v. State*, No. 06-14-00073-CR, 2015 WL 392846, at *8–9 (Tex. App.—Texarkana Jan. 30, 2015, pet. ref'd) (mem. op., not designated for publication) (same, 250 pages); *Suazo v. State*, No. 03-08-00460-CR, 2010 WL 5018971, at *3–4 (Tex. App.—Austin Dec. 10, 2010, no pet.) (mem. op., not designated for publication) (same, 110 pages); *Baxter v. State*, No. 07-99-0412-CR, 2001 WL 360677, at *1 (Tex. App.—Amarillo Apr. 11, 2001, no pet.) (mem. op. not designated for publication) (same, 216 pages). Indeed, counsel acknowledged that he was aware of MT's outcry against RJ when he received the State's initial discovery nine months prior to the trial. Appellant does not explain why he failed to investigate and follow up on this issue at that time.

Appellant selectively quotes the trial judge's observations that the case had been pending for a long time and needed to be tried to argue the trial court "elevate[d] an expeditious proceeding over a fundamentally fair trial." These select

passages, however, lack context and ignore the other factors the court had to balance against appellant's rationale for further delay.

Significantly, as the court noted on several occasions, the juvenile case involving MT's outcry against RJ in 2010 when she was three years old was ancillary to this 2020 case against appellant. Moreover, both appellant and RJ confessed to portions of MT's allegations of abuse.

The primary reason appellant advanced when seeking a continuance was the need for a certified copy of the order finding the allegations in the RJ case not true. But counsel was able to obtain the order, use the order to cross-examine MT's mother, and argue about the order to the jury.

Appellant also fails to address the inconvenience to the witnesses, opposing counsel, and the trial court that would result from further delay. *See Harrell v. State*, No. 08-13-00031-CR, 2014 WL 1259399, at *3 (Tex. App.—El Paso Mar. 26, 2014, no pet.) (mem. op., not designated for publication). The trial court reminded defense counsel of the negative psychological impact delay can have on a witness who has been preparing to testify about sexual abuse. The court also expressed concern for appellant, who had been incarcerated for a year, and also had an interest in the expeditious resolution of the case.

Nonetheless, appellant argues that his testimony at the hearing on the motion for new trial showed the denial of a continuance prevented him from:

- Following up with several witnesses, including speaking with RJ or his attorney;

- Retaining a behavioral expert to compare the outcries and opine about whether MT was conflating events or merging details;

- Retaining a medical expert to compare the SANE exam in 2010 to the SANE exam in 2020; and

- Consulting with an expert concerning the presence or absence of bodily fluids collected and whether they would implicate or exculpate appellant.

Appellant did not identify any of these areas of potential investigation when he argued the motion, *see Rosales*, 841 S.W.2d at 374 (we consider the reasons given at the time the continuance is requested), and his rationale is not persuasive now. Having inadequate time to interview witnesses and hire experts does not establish an abuse of discretion. *See Janecka*, 937 S.W.2d at 468. As we have noted, the RJ case was ancillary to this matter, and appellant had partially confessed to the allegations against him in this case. RT had also confessed, and the reason the allegation was found not true was because three-year-old MT was unable to testify.

MT had no recollection of the RJ incident. When she testified about having nightmares about appellant's abuse, defense counsel questioned her extensively about her memories and dreams of the sexual assault. In closing argument, counsel argued about MT's inability to remember and that "dreams turning into daydreams . . . is just not evidence." Nothing prevented appellant from further arguing that MT was confusing the RJ incident with her allegations against appellant.

Despite the ancillary nature of the RJ matter, the court afforded appellant complete latitude to cross-examine witnesses about the matter. Moreover, although appellant issued several subpoenas after the additional documents were received, he does not argue that the subpoenas could not be served or that he was unable to solicit testimony from these witnesses. Indeed, the record reflects that appellant was able to present and argue the fact he deemed significant—that the RJ allegation was found to be not true.

All the additional investigation appellant asserts he could have undertaken pertains to further development of the ancillary matter. But appellant fails to explain how an inability to compare the two SANE exams and retain an expert concerning bodily fluids impaired his defense, particularly considering his confession. Although it is conceivable that appellant may have been able to retain an expert to opine about whether MT merged details or conflated events, something more than speculation about what might have been accomplished is required. *See Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006)[4].

Under these circumstances, we conclude that appellant did not make such a convincing case for delay that a reasonable trial judge could not have concluded that fairness and scheduling outweighed appellant's interest in delay. *See Gonzales*, 304 S.W.3d at 843. The record does not demonstrate an abuse of discretion or that

---

[4] In addressing appellant's argument, we do not opine about whether any of the evidence appellant wanted to develop would have been admissible.

–13–

appellant was harmed. *See id*. at 842–43. Appellant's issue is resolved against him and the trial court's judgment is affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220307F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TARIQ MUSTAFAA MILLER,
Appellant

No. 05-22-00307-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-82170-
2021.
Opinion delivered by Justice Garcia.
Justices Pedersen, III and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered July 24, 2023