**Affirmed and Memorandum Opinion filed May 14, 2024.**



**In The**

# 𝕱𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝕮𝔬𝔲𝔯𝔱 𝔬𝔣 𝕬𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-22-00755-CR

**JUAN ARMANDO MELGAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1253288**

## MEMORANDUM OPINION

A jury convicted appellant Juan Armando Melgar of aggravated sexual assault of a child younger than 14 years of age. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B). Just before the punishment phase began, appellant's counsel orally requested that the trial be delayed so that appellant could be interviewed by a sexual-assault expert; no written motion for continuance was filed. The trial court denied the motion and assessed punishment at imprisonment for 35 years. In a single issue on appeal, appellant argues the trial court erred by denying his

request for an expert to assist him in the punishment phase. Because appellant's sole issue was not preserved, we affirm the judgment as challenged on appeal.

## I. ANALYSIS

Appellant claims that due process required that he be allowed access to an expert during the punishment phase. However, Code of Criminal Procedure article 29.03 states that "[a] criminal action may be continued *on the written motion* of the State or defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." Tex. Code Crim. Proc. Ann. art. 29.03 (emphasis added). The court of criminal appeals has already "explicitly refused to recognize a due process exception to the rule requiring motions for continuances to be written and sworn in order to be preserved on appeal." *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (citing *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009)). "Ultimately, an unsworn oral motion preserves nothing for appeal." *Blackshear*, 385 S.W.3d at 591.

Accordingly, because appellant did not file a sworn and written motion for continuance, we conclude that this issue was not properly preserved. We overrule appellant's sole issue.

## III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.

/s/    Charles A. Spain
       Justice

Panel consists of Justices Jewell, Spain, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).