

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00249-CR

DARENE BROOKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-0569, Honorable William R. Eichman II, Presiding

May 29, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant Darene Brooks was charged by indictment with the offense of aggravated sexual assault of Mary Pineda.[1]  Following a five-day trial, a jury found Appellant guilty.  Punishment was tried to the jury, who found true an enhancement paragraph in the State's notice of enhancement and assessed Appellant's punishment at 57 years of confinement.  The trial court imposed that sentence; this appeal followed.

---

[1] Appellant was also charged with sexual assault, but the State abandoned that count before trial.

Appellant raises two issues, arguing that the trial court erred by not applying the Texas Rule of Evidence 403 balancing test to evidence presented by sexual assault nurse examiner Kendra Thornton and by denying his mid-trial oral motion for continuance. We overrule Appellant's two issues and affirm the judgment of the trial court.

## Analysis

Because Appellant does not challenge the sufficiency of the evidence of his guilt, we will only address the relevant facts necessary to resolve his two issues.

### First Issue: Failure to conduct Rule 403 test

Appellant argues "the trial court failed to conduct a [Rule of Evidence] 403 analysis before admitting Pineda's medical history statement as taken by Thornton." However, at trial, Appellant's objection was that because Thornton used the term "victim" instead of "patient," she acted as an advocate rather than health care provider, and Pineda's medical history thus failed to meet Rule 803(4)'s exception to the hearsay rule regarding statements made for medical diagnosis. The State responds by arguing that Appellant did not preserve a Rule 403 complaint for appellate review by first presenting it to the trial court for a ruling.

We agree with the State. Proper error preservation requires the record to show a timely and specific request, objection, or motion articulating a specific complaint and an adverse ruling by the trial court. *Gomez v. State,* No. 07-16-00156-CR, 2017 Tex. App. LEXIS 9239, at *3–4 (Tex. App.—Amarillo Sept. 29, 2017, no pet.) (mem. op., not designated for publication); TEX. R. APP. P. 33.1(a). Issues on appeal must correspond with the objections and arguments made at trial. *Wright v. State,* 154 S.W.3d 235, 241

2

(Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State,* 2 S.W.3d 263, 273 (Tex. Crim. App. 1998)). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Id.*; *see* TEX. R. APP. P. 33.1(a); *Ibarra v. State,* 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). Appellant did not object to the admission of Pineda's medical history through Thornton on Rule of Evidence 403 grounds; rather, his objection was based on the applicability of the medical diagnosis or treatment exception to the hearsay rule. Error was therefore not preserved for appellate review. We overrule Appellant's first issue.

**Second Issue: Denial of mid-trial, oral motion for continuance**

In his second issue, Appellant contends that the trial court reversibly erred[2] by denying his mid-trial, oral motion for a continuance, which he argued was necessary due to his alleged lack of sufficient time to review certain discovery materials. The State counters that the claimed error was not preserved because Appellant's motion was neither written nor sworn. Moreover, even if such complaint had been preserved, the State argues the trial court properly exercised discretion in denying the motion.

Again, we agree with the State. To preserve a claim of error based on the denial of a motion for a continuance, the motion must be in writing and sworn. *Young v. State*, No. 07-23-00003-CR, 2023 Tex. App. LEXIS 8058, at *8 (Tex. App.—Amarillo Oct. 24, 2023, no pet.) (mem. op., not designated for publication) (citations omitted); *see* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08. The Texas Court of Criminal Appeals has held that "if a party makes an unsworn oral motion for a continuance and the trial judge denies

---

[2] An appellate court reviews the denial of a motion for continuance for abused discretion. *Vasquez v. State,* 67 S.W.3d 229, 240 (Tex. Crim. App. 2002).

it, the party forfeits the right to complain about the judge's ruling on appeal." *Blackshear v. State,* 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (citing *Anderson v. State,* 301 S.W.3d 276, 279 (Tex. Crim. App. 2009)). Simply stated, "an unsworn oral motion preserves nothing for appeal." *Id.*; *see also Ortiz v. State,* No. 07-22-00358-CR, 2023 Tex. App. LEXIS 6613, at *8 (Tex. App.—Amarillo Aug. 25, 2023, no pet.) (mem. op., not designated for publication). Because Appellant's motion for continuance was neither sworn nor written, he preserved nothing for our review and forfeited his complaint of the trial court's ruling on the motion.

Moreover, we could not sustain Appellant's second issue even had error been preserved. Article 29.13 requires a motion to allege facts sufficiently constituting surprise and diligence. *Gentry v. State,* 770 S.W.2d 780, 786 (Tex. Crim. App. 1988). Here, trial counsel's oral motion was not based on unfair surprise by the State, but rather that Brooks himself, apart from his trial counsel, had not seen some discovery materials. Specifically, trial counsel informed the court:

> [S]ome of the things that were introduced into evidence yesterday were items that were uploaded later than the initial discovery dump. I think most of them were still photos and maps and things of that nature that were provided to me within probably the last month or so . . . . I did not present those to [Appellant] prior to beginning trial. [Appellant] has expressed his displeasure at that.

The motion for continuance was intended so Appellant might review the remaining evidence in the case.

A requested continuance during trial is governed by Texas Code of Criminal Procedure, article 29.13 which provides:

4

> A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no *reasonable diligence* could have anticipated, the applicant is *so taken by surprise that a fair trial cannot be had*.

TEX. CODE CRIM. PROC. ANN. art. 29.13 (emphasis supplied). The fact that Appellant might be personally surprised from this evidence does not demonstrate the denial of a fair trial, particularly given that his trial counsel appeared to be aware of the evidence. Ultimate responsibility for presenting a defense falls not on the defendant, but on his counsel. *Cf. Thomas v. State,* 550 S.W.2d 64, 68 (Tex. Crim. App. 1977) ("the attorney who represents a criminal defendant is bound by professional duty to present all available evidence and arguments in support of the client's positions and to contest with vigor all adverse evidence and views."). We overrule Appellant's second issue.

## Conclusion

Having overruled Appellant's two issues, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.

5