

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00432-CR
_____

DUSTY DALE TULK, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1814471

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In a single issue, Appellant Dusty Dale Tulk challenges his conviction for solicitation of prostitution, claiming that (1) he was entitled to a continuance of his trial because the State's last-minute production of evidence violated Article 39.14 of the Code of Criminal Procedure and (2) the trial court's refusal to grant such a continuance caused him to plead guilty. But Tulk did not preserve his Article 39.14 complaint, and even if he had, his allegation that the continuance's denial had a plea-altering effect is unsubstantiated. For both independently sufficient reasons, we will affirm.

## I. Background

The day before Tulk's solicitation trial was scheduled to begin, he filed a sworn motion for continuance. *See* Tex. Code Crim. Proc. Ann. arts. 29.03, .08.

Tulk's motion emphasized that he had a separate felony case pending in another court, and he argued that conducting a trial on his solicitation offense while his separate case was pending would violate his constitutional rights.[1] He then added that, on top of his constitutional complaint, his counsel had "recently received from the State . . . 8 gigabytes of video he w[ould] need to review and investigate to prepare for trial." Tulk's motion did not identify the substance of the video or claim that it was material. Instead, Tulk's counsel candidly admitted that he "ha[d] not had an

---

[1]Tulk stated that he "ha[d] never requested trial nor d[id] he want trial."

2

opportunity to review the video" or determine its significance because—although he had received the video six days prior—he had been in trial on another case for five of the six intervening days. Tulk thus asserted that he "ha[d] exercised diligence under the time frame described" but that he was "NOT READY" for trial.

Although trial had been scheduled to begin the next day, for reasons that are unclear from the record,[2] the trial was delayed until the following week. Tulk verbally reurged his motion for continuance at that point, but he made no mention of the 8-gigabyte video or the need for additional time to review it. Rather, Tulk's verbal presentation was limited to his pending felony case and corresponding constitutional argument.[3] The trial court denied the requested continuance.

Tulk then entered a plea of not guilty, and the case proceeded to voir dire. But after the jury was selected and sworn, Tulk changed his plea to guilty.

---

[2]Tulk's continuance motion stated that trial was scheduled to begin on November 7, 2024. However, the record reflects that trial began on November 11, 2024. The State asserts that the trial court partially granted Tulk's continuance motion off the record.

[3]Later, Tulk requested a running objection based on his pending case and related constitutional arguments. Throughout the proceedings—during voir dire, after voir dire, and periodically following trial recesses—Tulk reiterated to the trial court that he could not announce ready "for our previously stated objections."

At the jury trial on punishment, the State offered two video exhibits into evidence. Tulk did not raise any discovery-related objections to either video's admission, nor did he allege that he needed additional time to review the videos.[4]

Ultimately, the jury assessed Tulk's punishment at confinement for one year with probation recommended, and the trial court entered judgment accordingly.

## II. Tulk's Article 39.14 Continuance Complaint

Tulk's sole appellate complaint relates to the denial of his continuance motion. He asserts that the trial court abused its discretion[5] by denying the motion because "the State disclosed material evidence approximately seven days prior to trial" in violation of Article 39.14 of the Code of Criminal Procedure. *See generally id.* art. 39.14(a) (requiring State, "as soon as practicable after receiving a timely request from the defendant . . . [to] produce and permit the inspection and the electronic duplication [of various items] . . . that constitute or contain evidence material to any matter involved in the action"), (h) (requiring State to disclose "any exculpatory, impeachment, or mitigating" evidence). And he further claims that the denial of his

---

[4]Tulk stated only that, "[w]ithout waiving any previous objections, [he had] no additional objections." Presumably, he was referencing his previous constitutional objections to proceeding with trial, as he repeatedly alluded to those throughout the proceedings. *See supra* note 3.

[5]Generally, "[w]e review a trial court's decision to grant or deny a continuance for an abuse of discretion." *Milem v. State*, No. 02-24-00201-CR, 2025 WL 1536399, at *2 (Tex. App.—Fort Worth May 29, 2025, pet. filed) (mem. op., not designated for publication); *see Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007).

4

continuance motion was prejudicial because it "left [him] with the decision to enter a plea of not guilty without the advantage of counsel being prepared . . . or enter a plea of guilty and beg for mercy," influencing him to "cho[o]se the latter." But Tulk did not preserve his complaint, and his allegation of harm is speculative.

## A. No Preservation

To preserve a complaint for appellate review, a defendant must make a "timely request, objection, or motion" before the trial court that "state[s] the grounds . . . with sufficient specificity to make the trial court aware of the complaint." Tex. R. App. P. 33.1(a)(1)(A); *Martinez v. State*, Nos. 02-23-00032-CR, 02-23-00033-CR, 2023 WL 7852122, at *5 (Tex. App.—Fort Worth Nov. 16, 2023, pet. ref'd) (mem. op., not designated for publication); *see Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). In the continuance context, the defendant's trial court complaint must take the form of a written, sworn motion that "fully set[s] forth" a "sufficient cause" for a continuance. Tex. Code Crim. Proc. Ann. arts. 29.03, .08; *see Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) ("Ultimately, an unsworn oral motion preserves nothing for appeal.").

And once the defendant files a motion "mak[ing] the trial court aware" of "sufficient cause" for a continuance, Tex. Code Crim. Proc. Ann. art. 29.03; Tex. R. App. P. 33.1(a)(1)(A), then if the defendant intends to challenge the continuance's denial on appeal, his "complaint on appeal must comport with the complaint made in the trial court." *Martinez*, 2023 WL 7852122, at *5; *see Lovill*, 319 S.W.3d at 691–92

5

("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial.").

Here, Tulk filed a written, sworn continuance motion, but that motion made no mention of Article 39.14. Tulk's motion "set forth" other allegedly "sufficient cause[s]" for a continuance—his pending felony case and his counsel's unpreparedness—but the motion did not cite Article 39.14, invoke its language, or otherwise allege that the State had violated its discovery obligations.

Tulk concedes that his motion made no mention of Article 39.14, but he insists that "it was clear to the court what [his] argument was" because the motion referenced "the State's disclosure of material[6] evidence approximately one week prior to trial." We disagree that an Article 39.14 complaint was "clear to the court."

Tulk's continuance motion noted the last-minute nature of the 8-gigabyte video's transmission, but it did so in the context of Tulk's claim that he "c[ould] not be ready for trial" because his counsel had been preoccupied with another case and "ha[d] not had an opportunity to review the video" despite "exercis[ing] diligence under the time frame described."[7] Moving for a continuance based on counsel's

---

[6]Tulk's motion did not allege that the 8-gigabyte video was material or exculpatory. *Cf.* Tex. Code Crim. Proc. Ann. art. 39.14(a) (discussing production and inspection of items "that constitute or contain evidence material to any matter involved in the action"), (h) (addressing disclosure of exculpatory information). To the contrary, Tulk conceded that "Defense Counsel ha[d] not had an opportunity to review the video" so its significance was unknown.

[7]The relevant paragraphs of Tulk's continuance motion stated, in full:

diligent-but-overcommitted status is not the same thing as moving for a continuance based on the State's violation of Article 39.14. And nothing in Tulk's motion informed the trial court that he sought a continuance on the latter basis. *See Tate v. State*, No. 04-20-00352-CR, 2021 WL 3516684, at *5 (Tex. App.—San Antonio Aug. 11, 2021, pet. ref'd) (mem. op., not designated for publication) (holding complaint not preserved when defendant's continuance motion relied on counsel's need for time to review trial court's forthcoming suppression-related findings while appellate argument alleged counsel's need for time to review transcript of suppression hearing); *cf. Martinez*, 2023 WL 7852122, at *6 (holding defendant failed to preserve Article 39.14 complaint when he objected to exhibits as untimely under local rules without mentioning Article 39.14).

Nor, for that matter, did Tulk verbally clarify his alleged reliance on Article 39.14 when he presented his continuance motion at the beginning of trial. In fact, Tulk did not verbally reference the 8-gigabyte video at all.

---

> Additionally, Defense Counsel was in trial in 371st District Court in The State of Texas v. [Other Client] and cannot be ready. Trial started November 1, 2024[,] and concluded November 5, 2024[, i.e., the day before the November 6 continuance motion].
>
> Additionally, Defense Counsel recently received from the State on October 31, 2024, while preparing for trial in State v. [Other Client], 8 gigabytes of video he will need to review and investigate to prepare for trial. Defense Counsel has not had an opportunity to review the video to determine whether consultation with expert[] witnesses is required or calling additional witnesses is necessary. Counsel has exercised diligence under the time frame described in this paragraph.

The trial court thus had no way of knowing that Tulk sought a continuance based on an alleged violation of Article 39.14. *See* Tex. R. App. P. 33.1(a)(1)(A) (requiring, "[a]s a prerequisite to presenting a complaint for appellate review," that it be raised below "with sufficient specificity to make the trial court aware of the complaint"). Because Tulk's Article 39.14 complaint does not comport with the complaint he made at trial, he has not preserved his Article 39.14 complaint for appellate review. *See Tate*, 2021 WL 3516684, at *5 (holding defendant failed to preserve continuance complaint because his "appellate issue d[id] not comport with the ground for continuance presented to the trial court").

## B.    No Harm

Moreover, even if Tulk had preserved his Article 39.14 complaint, he has not shown that the continuance's denial caused him harm.[8]

"[I]n order to show reversible error predicated on the denial of a pretrial motion for continuance, a defendant must demonstrate both that the trial court erred in denying the motion and that the lack of a continuance harmed him." *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010); *Milem*, 2025 WL 1536399, at *2. "[S]peculative harm is not enough"; the defendant must "demonstrate 'with considerable specificity how [he] was harmed by the absence of more preparation

---

[8]This assumes, of course, that the State violated Article 39.14 and that the trial court abused its discretion by denying a continuance on that basis. We need not consider those issues. *See* Tex. R. App. P. 47.1.

time than he actually had.'" *Milem*, 2025 WL 1536399, at *2–3 (quoting *Gonzales*, 304 S.W.3d at 842).

Here, the record does not reveal the contents of the 8-gigabyte video, but Tulk claims that "it can be inferred" that it was one of the two videos admitted as an exhibit at trial, and the State concedes as much.[9] Even if we accept this, though, Tulk did not object to either of the two video exhibits, and he does not allege that he was surprised by their contents. Rather, Tulk asserts that the lack of a continuance harmed him because the prospect of proceeding to trial with unprepared counsel was a catalyst for his guilty plea.

But there is no record support for this assertion—it is "wholly speculative and theoretical harm." *Id.* at *4 (rejecting argument that denial of continuance influenced defendant's decision to plead guilty). Even Tulk acknowledges that "the record does not indicate the reasoning" for his guilty plea.

Moreover, as in *Milem v. State*, the timing of Tulk's guilty plea calls his theory of harm into question. *See id.* at *4. In *Milem*, as here, the defendant initially pleaded not guilty, then he changed his plea after voir dire and argued on appeal that the denial of his continuance motion had influenced the change. *Id.* at *2, *4. But we pointed out that the defendant's initial not-guilty plea had come after the trial court denied his

---

[9]The State filed a discovery disclosure list that categorized the 8-gigabyte video as body-camera footage, and one of the videos admitted into evidence was body-camera footage. However, the disclosure list reflected that the State had produced three other body-camera videos as well.

continuance motion, so if the ruling had been, "as he argue[d], influential in his decision to plea[d guilty], he would have [presumably] pleaded guilty at an earl[ier] stage of the proceedings." *Id.*

The same is true here—Tulk pleaded not guilty after the denial of his continuance motion only to change his plea following voir dire. And "[i]f the trial court's denial of [Tulk's] . . . motion for continuance was, as he argues, influential in his decision to plea[d guilty], he would have [presumably] pleaded guilty at an earl[ier] stage of the proceedings." *Id.*

Thus, even if Tulk had preserved his Article 39.14 complaint, he has not shown that he was harmed by the denial of his continuance motion.

For both reasons—Tulk's failure to preserve his complaint and his failure to show harm—we overrule his sole issue.

### III.  Conclusion

Having overruled Tulk's sole appellate issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 24, 2025

10