

# NUMBER 13-22-00454-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MIGUEL ANGEL MORAN,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

## ON APPEAL FROM THE 221ST DISTRICT COURT
## OF MONTGOMERY COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Longoria**

Appellant Miguel Angel Moran was found guilty by a jury for continuous sexual abuse of a young child and assessed a life sentence. *See* TEX. PENAL CODE ANN. § 21.02. By two issues, Moran argues (1) his due process rights were violated when he was provided information from the District Clerk that differed from that provided to the State; and (2) the trial court abused its discretion when it admitted certain testimony. We affirm.

## I.    BACKGROUND[1]

Moran was indicted for continuous sexual abuse of a young child under the age of fourteen for allegedly committing two or more acts of sexual abuse against H.E. and T.E.,[2] during a period that began on November 25, 2016 and ended on March 29, 2021. The indictment alleged that the acts of sexual abuse included two incidences of aggravated sexual assault of a child against T.E., two incidences of indecency with a child by sexual contact against T.E., one incident of aggravated sexual assault of a child against H.E.; and one incident of indecency with a child by sexual contact against H.E.[3]

Moran's case proceeded to a jury trial. After presentation of all the evidence and testimony by the parties, the trial court read the charge to the jury. After the parties presented closing arguments, the jury found Moran guilty of continuous sexual abuse of a young child and assessed Moran a life sentence. This appeal followed.

## II.    DUE PROCESS

In his first issue, Moran argues that "[w]here the District Clerk provides different information to the State than it provides to the defense attorney, it is a violation of Due Process when the lack of information provided to the defense attorney affects the strategy of the case." Specifically, Moran highlights that he did not have electronic access to the

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[2] We refer to the minor victims by initials to protect their identities.

[3] Prior to jury selection, the State abandoned the single incident of indecency with a child by sexual contact against H.E. as an act of sexual abuse as pleaded in the indictment.

State's outcry notice via the District Clerk's software and argues that the "difference in access to information" resulted in violation of his due process rights and concludes that "[e]ither a continuance should have been granted or the outcry witness should not have been allowed to testify due to the unfair practice of the District Clerk . . . providing different information to the State and the defense attorney of record." We construe Moran's issue as a challenge to the trial court's denial of his requests for continuance and objection to outcry testimony.

## A. Requests for Continuance

### 1. Standard of Review & Applicable Law

The denial of a motion for continuance is within the sound discretion of the trial court, and we review a trial court's denial of a motion for continuance for an abuse of discretion. *See Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); *see also Gutierrez v. State*, 446 S.W.3d 36, 38 (Tex. App.—Waco 2014, pet. ref'd). "[G]reat deference must be shown to trial courts, because of the scheduling problems they face." *United States v. Cronic*, 466 U.S. 648, 662 n.31 (1984); *see Cates v. State*, 72 S.W.3d 681, 692 (Tex. App.—Tyler 2001, no pet.). An appellant claiming the erroneous denial of a motion for continuance must show: (1) the trial court erred by denying the motion for continuance; and (2) such denial harmed him in some tangible way. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

Under Texas Code of Criminal Procedure article 38.072, an outcry witness is the first adult to whom a child or disabled individual describes being the victim of certain crimes, including many sexual crimes. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072. An

3

outcry witness may testify, as an exception to the hearsay rule, about the victim's out-of-court description of the offense. *See id.* § 38.072(2). For an outcry witness to testify under this statute, the party intending to offer the outcry statement must, among other requirements not at issue here, notify the adverse party "on or before the 14th day before the date the proceeding begins." *Id.* § 38.072(2)(b)(1)(A). The purpose of requiring notice is to prevent the accused from being surprised by the introduction of outcry testimony. *Bargas v. State*, 252 S.W.3d 876, 895 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

## 2. Discussion

On August 29, 2022, prior to jury selection, Moran's counsel informed the trial court that he had not been served with the State's outcry notice. *See* Tex. Code Crim. Proc. Ann. art. 38.072. Moran's counsel also indicated to the trial court that he did not have access to the State's outcry notice via the District Clerk's software. The State responded that it had electronically filed and served Moran with its outcry notice on July 8, 2022, which was more than fourteen days before Moran's trial. *See id.* The record demonstrates that the State's outcry notice designated Mark Wilson as an outcry witness for H.E. and Norma Carmona as an outcry witness for T.E. The outcry notice also contained an "Automated Certificate of eService" indicating that Moran's counsel was electronically served with the State's outcry notice at Moran's counsel's email address on "7/8/2022 6:15:40 PM."

Moran's counsel orally requested a fourteen-day continuance, and the State argued that "without more information—the records of the court indicate that notice was provided," that it had complied with its obligation, and that it wanted to go to trial that day.

4

As arguments continued, Moran's counsel admitted to the trial court that the email address on the "Automated Certificate of eService" on the State's outcry notice was his own. Moran's counsel further informed the trial court that he had looked in his email inbox and found no such email containing the State's outcry notice, that no such email was found in his email inbox's "deleted items" or spam folder, and that he had shown this to the State. While the trial court expressed concern over Moran's counsel's lack of access to the State's outcry notice via the District Clerk's software, it concluded that the State complied with Article 38.072 of the Code of Criminal Procedure and stated that "we are going to start today, pick the jury[,] and recess. And this afternoon I am going to give the defense attorney a chance to meet with[ the outcry] witnesses. I want them here." The trial court also required the State to provide its outcry notice to Moran's counsel, and the State indicated it had already provided a "physical paper copy" of the outcry notice that morning. Thereafter, jury selection commenced and proceedings recessed after the jury was selected.

The next day, on August 30, 2022, Moran filed a written motion for continuance, which stated

> [Moran] believes that the State intends to call two "outcry witnesses" in Mark Wilson and Norma Carm[o]n[a]. The State filed notice of said witnesses pursuant to Article 38.072 of the Texas Code of Criminal Procedure on July 8, 2022. However, notice was not provided to [Moran] until the day of trial.

The written motion then requested that the trial court enter an order "continuing this cause for a minimum of two weeks, or, in the alternative, set[ its] motion for hearing." On the same day, prior to Moran's arraignment before the jury, the trial court held a hearing on Moran's written motion for continuance outside the presence of the jury. At the hearing,

Moran's counsel stated that the State filed its outcry notice on July 8, 2022, and he confirmed that the outcry notice went to his personal email. However, Moran's counsel reiterated that he did not have access to the State's outcry notice via the District Clerk's software and that he did not find the email containing the State's outcry notice in his email inbox. The following exchange occurred:

| | |
|---|---|
| The Court: | Okay. Anything the State wants to place on the record, other than what you said yesterday? |
| [The State]: | We would just ask the Court to take judicial notice of its own file, including the automated certificate of service that indicates the document was e-filed and e-served at the e-mail address we talked about. |
| The Court: | Okay. I will take notice. |
| [Moran's counsel]: | . . . I need to let the Court know that I concede the fact that these witnesses and their statements are there and officer's summary of their statements is contained within the State's file. The State has an open file policy. I am aware of these witnesses. I know what they said.<br><br>The problem comes in, as far as trial strategy. And of course right now I have to be a little vague about that. But when I noticed that there —or at least I thought that there was not an outcry notice under 38.072, there was a shift in trial strategy. And for that reason, my continuance is not like, "what, I have never heard of these people."<br><br>My motion for continuance is based on I am switching horses not in midstream—well, almost to the other side of the stream. So it is for those reasons that we move for continuance. |
| The Court: | Having taken all of this into consideration, I am |

6

going to deny your continuance. And I will note that you need additional time to break prior to the witnesses. I will give you that time. That's the reason why we didn't start today. We haven't arraigned [Moran] in front of the jury yet. And I will note that, you know, both sides appear not to be at fault, unfortunately.

I feel like when I reached out to the clerk's office and they said that an e-mail was sent and they said they had proof that it had been sent to the e-mail they had on file for [Moran's counsel]— you know, I don't know where it went. I don't know what happened.

But I just want to make sure that you have everything you need discovery[-]wise, there is nothing additional that you need, as far as discovery or as far as notice, other than—you know, you now have the notice. You know what is going to be said or what the allegation is. And we will have a hearing and you will be able to ferret that out and ask questions outside the presence of the jury. And I will make my decision on whether or not it complies and comports with 38.072.

Thereafter, Moran was arraigned in the presence of the jury, and his trial commenced.

To the extent that Moran argues that the trial court should have granted his *oral* motion for continuance he lodged prior to jury selection on August 29, 2022, it is well established that an unsworn, oral motion for continuance preserves nothing for review. *See Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) ("Ultimately, an unsworn oral motion [for a continuance] preserves nothing for appeal."); *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) ("[I]f a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal."); *see also* TEX. CODE CRIM. PROC. ANN. arts.

7

29.03 ("A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion."), 29.08 ("All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance."). The Texas Court of Criminal Appeals has held that there is no "due process" exception to the preservation requirement. *See Anderson*, 301 S.W.3d at 279–80 ("The court of appeals in this case instituted a 'due process' exception to a rule of procedural default. The broad and vague concept of due process, as invoked by the court of appeals, is amorphous. And no such exception exists under our case law."). Therefore, this sub-issue is not preserved. *See Blackshear*, 385 S.W.3d at 591.

To the extent that Moran argues that the trial court should have granted his *written* motion for continuance, we also conclude that Moran has failed to preserve this sub-issue. "As a prerequisite to presenting a complaint for appellate review," a party must have made a timely request, objection, or motion to the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Preservation of error is a systemic requirement on appeal. *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). If an issue has not been preserved for appeal, the appellate court should not address the merits of that issue. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). Further, error alleged on appeal must comport with the request, objection, or motion submitted to the trial court so as to apprise the trial judge of the precise nature of the error in time to do something about it. *See Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App.

8

2009); *see also Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (legal basis of complaint raised on appeal cannot vary from that raised at trial); TEX. R. APP. P. 33.1(a).

When seeking a continuance, Moran did not allege a due process violation. *See* TEX. CODE CRIM. PROC. ANN. arts. 29.03 ("A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; *which cause shall be fully set forth in the motion*.") (emphasis added).[4] Instead, the basis of Moran's written motion for continuance was that the State's outcry "notice was not provided to [Moran] until the day of trial," implicating Article 38.072's requirement that a party intending to offer outcry statements notify the adverse party of its intent to do so fourteen days before trial. *See id.* art. 38.072(2)(b)(1)(A). Moran's written motion for continuance does not assert a due process violation relating to his lack of access to the State's outcry notice via the District Clerk's software.[5] Furthermore, at the hearing, while Moran's

---

[4] Moran argues that "[a]lthough [he] did not specifically say the words [']due process['] in his oral Motion for Continuance," he put the court on "notice that the issue would alter the trial strategy," which is sufficient notice that Moran's right to due process would be violated. However, the record indicates that his "trial strategy" argument related to his assertions that the State had not served him its outcry notice in compliance with Article 38.072 of the Code of Criminal Procedure:

> I hate to say the quiet part out loud, but when you are the Defense and you realize the State hasn't filed their notice, you don't tell them. And so, you know, it is either, 1, the intent not to use it, which affects the strategy; or No. 2, they can't use it. And that's part of your trial strategy.

In any event, Moran's oral motion for continuance preserved nothing for review, and any arguments made therefrom cannot be bootstrapped as a legal theory for his written motion for continuance. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also* TEX. CODE CRIM. PROC. ANN. art. 29.03 ("A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; *which cause shall be fully set forth in the motion*.") (emphasis added).

[5] Moran states in his brief that

> This issue has nothing to do with providing documents with sensitive information about juvenile sexual assault victims to the public. We are talking about documents that are

9

counsel mentioned he did not have access to the State's outcry notice via the District Clerk's software, he did not articulate this as a due process violation. Instead, Moran's counsel stated that "when . . . I thought that there was *not an outcry notice under 38.072*, there was a shift in trial strategy," affirming that the State's alleged non-compliance with Article 38.072 was the basis for his written motion for continuance. We conclude that Moran's complaint on appeal does not comport with the basis of his written motion for continuance. Therefore, Moran has not preserved this sub-issue. *See Pena*, 285 S.W.3d at 463–64; *see also Heidelberg*, 144 S.W.3d at 537; TEX. R. APP. P. 33.1(a).

## B.    Admission of Outcry Witness Testimony

Moran suggests in a single line in his brief that, in connection to his due process claim, the trial court alternatively "should have disallowed the testimony of the outcry witness." To the extent that Moran challenges the trial court's denial of his objections to outcry testimony, Moran presents no record references or any pertinent legal authority or argument to substantiate this issue. *See* TEX. R. APP. P. 38.1(i) ("[A] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Therefore, Moran has waived this issue through inadequate briefing. *See id.*; *Wolfe v. State*, 509 S.W.3d 325, 342–43 (Tex. Crim. App. 2017) (noting that we have no obligation to make an appellant's argument for him); *Lucio*

---

*supposed* to be served upon the defense attorney. Furthermore, this issue has nothing to do with whether the document has been served on the defense attorney . . . .

Moran further argues that "the District Attorney's office['s] greater access to [the District Clerk's] records" amounts to a "benefit to the District Attorney . . . that is not being afforded to a defendant." Moran did not present these arguments in his written motion for continuance nor to the trial court at the hearing on his written motion for continuance.

*v. State*, 353 S.W.3d 873, 877–78 (Tex. Crim. App. 2011) (finding a point of error inadequately briefed where the brief contains a single-sentence assertion and is unaccompanied by any other argument or authorities). Moran's first issue is overruled.

### III. PRIOR CONSISTENT STATEMENT

In his second issue, Moran argues that the trial court abused its discretion when it permitted J.O.,[6] a friend of T.E.'s, to testify regarding a prior consistent statement T.E. made to J.O. over his hearsay objection. *See* TEX. R. EVID. 801(e)(1)(B).

### A. Standard of Review & Applicable Law

We review a trial court's decision to admit evidence for a clear abuse of discretion, and we will not reverse as long as the judge's decision lies within the zone of reasonable disagreement. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). We view the evidence in the light most favorable to the trial court's decision. *See Klein v. State*, 273 S.W.3d 297, 304 (Tex. Crim. App. 2008).

Under Texas Rule of Evidence 801(e)(1)(B), statements that are consistent with the declarant's testimony and offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive are not hearsay. TEX. R. EVID. 801(e)(1)(B). The Texas Court of Criminal Appeals has previously stated that Texas Rule of Evidence 801(e)(1)(B) mirrors Federal Rule 801(d)(1)(B) and "thus[,] federal decisions provide helpful analysis." *Hammons v. State*, 239 S.W.3d 798, 804 (Tex. Crim. App. 2007).

> The Supreme Court has explained the four requirements that must be met for prior consistent statements to be admissible under Federal Rule

---

[6] We refer to this witness by initials in furtherance of protecting the identity of the minor victims.

801(d)(1)(B):

> (1) the declarant must testify at trial and be subject to cross-examination;
>
> (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony by the opponent;
>
> (3) the proponent must offer a prior statement that is consistent with the declarant's challenged in-court testimony; and,
>
> (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose.

*Id.* (citing *Tome v. United States*, 513 U.S. 150, 156–58 (1995)).

"The trial court has substantial discretion to admit a prior consistent statement even if there has been 'only a suggestion of conscious alteration or fabrication.'" *Fears v. State*, 479 S.W.3d 315, 332 (Tex. App.—Corpus Christi–Edinburg 2015, pet. ref'd) (quoting *Hammons*, 239 S.W.3d at 804–05). There is no bright-line rule to distinguish between a general challenge to the witness's memory or credibility and a suggestion of conscious alteration or fabrication; the trial court should determine if the cross-examiner's question or the tenor of the questioning would "reasonably imply an intent by the witness to fabricate." *Id*. (quoting *Hammons*, 239 S.W.3d at 805).

## B. Discussion

During trial, the State presented T.E., who was eighteen years old at the time of her testimony. T.E. testified that, among other things, Moran sexually abused her starting in her sixth-grade school year in 2016, and that Moran's acts of sexual abuse continued to occur when she was in eighth or ninth grade. T.E. also testified that she disclosed Moran's acts of sexual abuse to J.O. during her sixth-grade school year and told no one

else. After T.E. completed her testimony, the State presented J.O., who was twenty years old at the time of her testimony. The following exchange occurred during J.O.'s testimony:

| [The State]: | . . . [D]o you recall a time that [T.E.] told you about something that had happened to her? |
|---|---|
| [J.O.]: | Yes. |
| [The State]: | Do you remember what grade you were in? |
| [J.O.]: | I was in eighth grade and she was in seventh. |
| [The State]: | That's when she told you about something? |
| [J.O.]: | Yes. |
| [The State]: | Did she specify a range of time? |
| [J.O.]: | Not that I remember. |
| [The State]: | Okay. [J.O.], what did she tell you? |
| [Moran's Counsel]: | Objection; calls for hearsay. |
| [The State]: | May we approach, Your Honor? |
| The Court: | Yes. |

(Discussion at the Bench)

[The State]: This is a prior consistent statement offered to rebut a charge of recent fabrication. [Moran's Counsel] just asked the witness about a time when she talked and said she was sexually abused and said no, it wasn't to her mother. Also when he cross-examined Detective Kennelly, he asked him about allegations of coaching—this is I believe a quote—allegations of coaching or leading or put an idea in a kid's head. When he talked to Dr. Madera[, Moran's Counsel] asked her about conflicts between parents and kids making false allegations.

13

| | |
|---|---|
| The Court: | Okay. I will allow it briefly. |

(On the record in presence of jury)

| | |
|---|---|
| The Court: | You may proceed. |
| [The State]: | Thank you, Your Honor. |
| [The State]: | [J.O.], what did [T.E.] tell you? |
| [J.O.]: | She had told me that she was afraid to go home because she was being molested by her stepfather. |

On appeal, Moran argues that the trial court's ruling permitting J.O. to testify was error because he "never allege[d] recent fabrication regarding the allegations" and that "[his] questions and statements about fabrication are all about probabilities and reasonable doubt." Moran then concludes that admission of J.O.'s testimony was harmful because it "may have had a substantial influence on the verdict." We conclude that Moran failed to preserve his lack of fabrication complaint under Rule 801(e)(1)(B).

To be admissible under Rule 801(e)(1)(B), T.E.'s statement to J.O. had to meet the following requirements: (1) T.E. testified at trial and was subject to cross-examination; (2) Moran expressly or impliedly accused T.E. of being improperly influenced or motivated to provide testimony substantiating the allegation of sexual abuse contained in the State's indictment; (3) T.E.'s statement to J.O. was consistent with her in-court testimony; and (4) T.E.'s statement to J.O. was made prior to the time that the supposed improper influence or motive to testify arose. *See* TEX. R. EVID. 801(e)(1)(B); *see also Hammons*, 239 S.W.3d at 804 (citing TEX. R. EVID. 801(e)(1)(B)).

The Texas Court of Criminal Appeals in *Klein* addressed a statement offered as a

14

prior consistent statement under Rule 801(e)(1)(B). *Klein*, 273 S.W.3d at 304. At trial, the defendant only contested one element under the Rule. *Id.* at 312. The court held that the defendant could not contest other elements under Rule 801(e)(1)(B) on appeal because the defendant did not raise them at trial. *Id*. The court stated that "it was incumbent upon appellant (as the losing party in the trial court) to alert the trial court to any other element[s] of rule 801(e)(1)(B) that would require exclusion of the complainant's out-of-court statements." *Id*. (citing *Bolden v. State*, 967 S.W.2d 895, 896–99 (Tex. App.—Fort Worth 1998, pet. ref'd)).

Moran has not preserved his lack of fabrication complaint under Rule 801(e)(1)(B) for appellate review as required by *Klein. Klein* dealt with the specific hearsay exception that is at issue in this case. *Id.* As the losing party, Moran was required to alert the trial court to the elements of Rule 801(e)(1)(B) that required the trial court to exclude T.E.'s statement to J.O. *Id.* As noted by the Court of Criminal Appeals:

> [T]he party complaining on appeal (whether it be the State or the defendant) about a trial court's admission, exclusion, or suppression of evidence must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question. The issue . . . is not . . . whether the trial court's ruling is legally correct in every sense, but whether the complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal.

*Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (internal quotation marks omitted) (footnote omitted); *see Golliday v. State*, 560 S.W.3d 664, 669 (Tex. Crim. App. 2018) (quoting *Reyna*, 168 S.W.3d at 177); *Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) ("[I]n order to preserve a complaint for appeal, the complaining party must have done everything necessary to bring the relevant evidentiary rule and its

15

precise and proper application to the trial court's attention.") (citing *Reyna*, 168 S.W.3d at 176–77). While Moran lodged a general hearsay objection to T.E.'s statement to J.O., he failed to preserve his lack of fabrication complaint under Rule 801(e)(1)(B) that he now asserts on appeal because he did not bring it to the trial court's attention after the State asserted the hearsay exception under that rule. *See Klein*, 273 S.W.3d at 312; *see also Gutierrez v. State*, 630 S.W.3d 270, 282 (Tex. App.—Eastland 2020, pet. ref'd) (holding that the appellant did not preserve his timing complaint under Rule 801(e)(1)(B) that he asserted on appeal because he did not bring it to the trial court's attention). Accordingly, we decline to address the merits of Moran's issue alleging lack of fabrication. *See Ford*, 305 S.W.3d at 532 (holding that if an issue is not preserved, appellate courts should not address the merits of that issue). We overrule Moran's second issue.

## IV.  CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of March, 2024.

16