

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00371-CR

---

HANNAH AJIBOYE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 368th District Court
Williamson County, Texas
Trial Court No. 20-0486-K368, Honorable Sarah Bruchmiller, Presiding

---

July 25, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Hannah Ajiboye, was convicted by a jury of injury to an elderly person.[1]  Punishment was agreed to by the parties at two years' confinement in a state jail facility, suspended in favor of three years community supervision.  By two issues, she maintains (1) her motion for continuance to obtain an

---

[1] TEX. PENAL CODE ANN. § 22.04(f).

expert witness should have been granted and (2) the State's expert was not noticed and should have been prior to trial.[2] We affirm.

## BACKGROUND

D.S., who was eighty years old and suffering from dementia, was living in the memory care unit of a nursing home. Appellant, an employee at the nursing home, assisted D.S. back to his room during the early morning hours of January 4, 2020, after he had wandered into another resident's room. As D.S. attempted to sit in his recliner, Appellant pushed him with her hands, and he fell into the chair and began moaning.

Two days prior to the incident, D.S.'s daughter had placed a motion-activated camera with audio in his room which records short periods of time. The daughter viewed the ten-second video later that morning and emailed a video clip to the director. She testified she knew D.S. was hurting more than usual from the tone of his groaning and moaning. As she was getting dressed to go to the nursing home, she received a call that something was wrong with D.S. When she arrived, D.S. was being evaluated by a caregiver and a hospice nurse who decided an ambulance should be called. D.S. was taken to the hospital.

The director was obligated to call police. Appellant was charged with causing bodily injury to an individual sixty-five years of age or older.

---

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

**ISSUE ONE—DENIAL OF MOTION FOR CONTINUANCE**

Appellant contends the trial court abused its discretion in denying a motion for continuance to secure an expert witness to testify on the standard of care in nursing homes. The denial, she maintains was error of constitutional magnitude because it denied her the right to a fair trial. We disagree.

The trial court held a hearing on preliminary matters. Just prior to commencement of trial, the State explained its first witness, the director of the nursing home, was not noticed as an expert witness because she would be offering a personal opinion of what she witnessed on the video. Defense counsel insisted the witness would be offering an opinion on the standard of care of the facility which is within the purview of an expert. The State insisted she would not be offering an opinion on the standard of care. The trial court ruled in favor of the State and defense counsel stated as follows: "if [the executive director is] going to be allowed to provide her opinion, we'd like a continuance so we can get an expert of our own to talk about what the standard [of care] is." The request for a continuance was denied.

Article 29.03 of the Texas Code of Criminal Procedure provides that a criminal action may be continued on the written motion of the State or the defendant upon sufficient cause shown which shall be set forth in the motion. TEX. CODE CRIM. PROC. ANN. art. 29.03. The defense never filed a written motion for continuance. Article 29.03 has been interpreted to mean that "if a party makes an unsworn oral motion for continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Blackshear v. State,* 385 S.W.3d 589, 591 (Tex. Crim. App.

3

2012).  Additionally, Appellant's contention that the denial of her motion was error of constitutional magnitude has been rejected.  *See id.* (explicitly refusing to recognize a due process exception to the requirement that a motion for continuance be written and sworn).

"Appellate courts should not address the merits of an issue that has not been preserved for appellate consideration."  *Elkins v. State*, No. 03-23-00443-CR, 2024 Tex. App. LEXIS 5127, at *38 (Tex. App.—Austin July 19, 2024, no pet. h.) (mem. op., not designated for publication).  Appellant's unsworn oral motion preserved nothing for review.  Issue one is overruled.

### ISSUE TWO—STATE'S WITNESS NOT DESIGNATED AS EXPERT

Appellant invokes *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and article 39.14(h) of the Texas Code of Criminal Procedure in support of her argument that the testimony of the nursing home's director should not have been allowed because she was not designated as an expert witness but effectively testified as one.[3]  We disagree.

Appellant correctly notes that article 39.14 "creates a general, continuous duty of the State to disclose" before, during, or after trial any evidence tending to negate guilt or reduce punishment.  According to Appellant, the director was treated as an expert witness because she was questioned on her education and credentials but was not noticed as an expert witness.  Appellant asserts admission of the director's testimony resulted in an

---

[3] Neither authority was argued at trial.  *Brady* and article 39.14, known as the Michael Morton Act, require the State to disclose exculpatory, impeachment, or mitigating evidence that tends to negate the guilt of the accused or reduce punishment for the charged offense.  TEX. CODE. CRIM. PROC. ANN. art 39.14(h).

4

unfair trial because the defense was not given notice the director would testify on the standard of care in nursing homes.

Shortly after the trial court denied Appellant's motion for continuance, she requested a running objection on the issue of any opinion testimony provided by the executive director, which the trial court granted. Thereafter, the trial commenced.

Appellant's trial objection was specific as to "any opinion testimony" and on appeal, she argues the trial court should have excluded the director's testimony without limitation to only "opinion testimony."[4] The State argues Appellant waived her complaint because her trial objection does not comport with her argument on appeal.

The transferor court has held that an appellate complaint was not properly preserved when it did not comport with the objection argued at trial. *See Faglie v. State*, No. 03-17-00281-CR, 2019 Tex. App. LEXIS 1325, at *20–21 (Tex. App.—Austin Feb. 22, 2019, pet. ref'd) (mem. op., not designated for publication). In *Faglie*, defendant objected at trial to testimony by a sexual assault nurse examiner under the medical diagnosis or treatment exception of Rule 803(4) of the Texas Rules of Evidence, which has two components: veracity and pertinence. *Id.* at *19–20. The trial objection focused solely on veracity; pertinence was not raised. *Id.* at *20. On appeal, the focus of the appellant's complaint was that the nurse examiner's testimony was not pertinent to a medical diagnosis or treatment. The Third Court of Appeals held the argument was not preserved for review because the trial objection did not comport with the appellate

---

[4] In her brief, Appellant contends as follows: (1) "[h]er testimony should not have been allowed; (2) "[t]he nursing home director's testimony should [sic] been disallowed," and (3) "the nursing home director's testimony should have been excluded because it was not properly noticed under Article 39.14(h) . . . ."

5

complaint. *Id.* The appellant's failure to "even allude to" the pertinence component at trial deprived the trial court and the State of the opportunity to address or correct any purported error. *Id.* In applying the law of the transferor court, we agree Appellant did not preserve her issue for appellate review.

Even if the issue had been preserved, Appellant's reliance on *Brady* and the Michael Morton Act is misplaced. Her issue focuses on the State's failure to notice the director as an expert and not on any evidence illegibly withheld by the State. The director was not asked, nor did she offer any opinion on the standard of care in a nursing home. She testified as a factual witness and not as an expert. Thus, Appellant would not have prevailed on her issue. Issue two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.